**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**DANIEL ISRAEL SINGLETON, #49569**                                          **PETITIONER**

**VS.**                                          **CIVIL ACTION NO.: 1:12cv356-LG-JMR**

**JAMES HOLMAN**                                                            **RESPONDENT**

---

**REPORT & RECOMMENDATION**

---

This matter is before this Court on the Respondent's Motion to Dismiss [9] pursuant to 28 U.S.C. § 2244(d). Having considered the Respondent's Motion, along with the entire record and the applicable law, this Court finds that the Motion to Dismiss should be granted. Accordingly, the Court recommends that the petition in this case should be dismissed.

**PROCEDURAL HISTORY**

Petitioner, Daniel Israel Singleton [Singleton], was convicted of armed robbery in the Circuit Court of Harrison County, Mississippi and sentenced to serve a term of thirty-five (35) years in the custody of the Mississippi Department of Corrections. [9-1.] According to the Respondents, the Mississippi Supreme Court affirmed Singleton's conviction and sentence, although the case was remanded to correct the judgment to read that Singleton was convicted of attempted armed robbery rather than armed robbery. *Singleton v. State*, 495 So.2d 14 (Miss. 1986). Singleton's judgment became final on December 23, 1986, 90 days after the Mississippi Supreme Court affirmed his conviction. [9, p. 3.] Several years after the appeal, the Mississippi Supreme Court granted Singleton's motion to be allowed to file a motion for post-conviction collateral review in the Harrison County Circuit Court. [9-4.] Several petitions for post-conviction relief were filed in state court, with the permission of the Mississippi Supreme Court.

[9-3 through 9-7.] The trial court denied both the 1992 and 1995 petitions Singleton filed on November 9, 2000. [9-7.] The Mississippi Supreme Court entered a *per curiam* order affirming the circuit court's decision on December 13, 2001. [9-8.]

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act (AEDPA), to which this case is subject, specifies that a petitioner seeking federal *habeas* relief must file his petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell,* 334 F.3d 433, 436 (5th Cir. 2003). The AEDPA establishes a one-year statute of limitations for federal *habeas* proceedings. 28 U.S.C. § 2244(d)(1). The limitations period usually begins to run when the state court judgment becomes final after direct appeal, or the time for seeking such review expires. § 2244(d)(1)(A). For prisoners like Singleton, whose state convictions became final before the AEDPA was passed, the limitations period commenced on the AEDPA's effective date, April 24, 1996. *See United States v. Flores,* 135 F.3d 1000, 1005 (5th Cir.1998). In addition, the one-year statute of limitations is subject to tolling for the period when a properly filed motion for post conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2); *see e.g.*, *Cantu-Tzin v. Johnson*, 162 F.3d 295, 298 (5th Cir. 1998), *cert. denied*, 525 U.S. 1091 (1999).

Singleton filed his post-conviction pleading prior to the enactment of the ADEPA and was pending at the time the statute of limitations began to run on April 24, 1996. Singleton is entitled to tolling of the statute of limitations from the date of enactment of the AEDPA on April 14, 1996, until the Mississippi Supreme Court affirmed the lower court decision on December

13, 2001. *Tharpe v. Thaler*, 628 F.3d 719, 722 n.6 (5th Cir. 2010), *cert. denied* 131 S.Ct. 2934 (2011). Accordingly, Singleton's *habeas* petition was due on or before December 16, 2002. Singleton's petition was filed well beyond this deadline, making federal *habeas* relief available to him only if he can demonstrate that his case involves "rare and exceptional circumstances which would warrant equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 170-1 (5th Cir. 2000), *cert. denied* 531 U.S. 1035.

Under the "mailbox rule" a pro se *habeas* petition is deemed filed on the date that the petition was delivered to prison official for mailing to the district court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *reh'g & reh'g en banc denied* 196 F.3d 1259, *cert. denied* 529 U.S. 1057 (2000). Singleton's petition was signed on November 8, 2012. [1, p. 15.] The petition was filed over nine years beyond the December 2002 deadline as outlined above.

Generally, equitable tolling is only available in rare circumstances. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied* 531 U.S. 1164 (2001). Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), *cert. denied* 529 U.S. 1099 (2000).

Singleton contends that he is "actually and factually innocent of the offense of being a habitual offender and asserts the actual innocence exception to the time bar of 28 U.S.C. § 2244(d)(1)." [1, pp. 13-14.] According to the Respondent, this exception is not applicable to claims filed beyond the AEDPA's one-year statute of limitations. [9, p. 6.] In addition, the Respondent contends that a claim of actual innocence of a habitual offender enhancement is not a claim of actual innocence of the crime of conviction; therefore, such a claim is not eligible for

review under the savings clause of 28 U.S.C. § 2255. (*Id.*, p. 7.)

A claim of actual innocence does not constitute a rare and exceptional circumstance permitting equitable tolling. *Henderson v. Thaler*, 626 F.3d 773, 781 (5th Cir. 2010), *cert. denied* 131 S.Ct. 2961 (2011). The Court concludes that Singleton fails to meet the criteria of rare or exceptional circumstances which would allow him to benefit from equitable tolling. The Court finds equitable tolling is not warranted, and that the instant petition is untimely. Accordingly, the Court recommends that the Respondent's Motion to Dismiss should be granted, and further recommends that the petition in this case should be dismissed.

## **CONCLUSION**

Singleton filed his post-conviction pleading prior to the enactment of the ADEPA and was pending at the time the statute of limitations began to run on April 24, 1996. Singleton is entitled to tolling of the statute of limitations from the date of enactment of the AEDPA on April 14, 1996, until the Mississippi Supreme Court affirmed the lower court decision on December 13, 2001. Singleton had one year or until December 16, 2002, to file a federal petition for a writ of *habeas corpus.* Singleton filed his federal *habeas* petition on November 8, 2012, well past the December 16, 2002, deadline. Finally, this Court finds that Singleton is not entitled to either statutory or equitable tolling. It is the recommendation of this Court that the Motion to Dismiss [9] should be granted and that Singleton's Petition for Writ of *Habeas Corpus* should be dismissed based upon the federal one-year limitations period found in 28 U.S.C. § 2244(d).

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than March 13, 2013, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate

4

Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–9 (5th Cir.1996) *(en banc), superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). A copy of this R&R was mailed to the petitioner at his last known address by certified mail, return receipt requested.

THIS the 27th day of February, 2013.

            s/ John M. Roper
            CHIEF UNITED STATES MAGISTRATE JUDGE