IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DANIEL ISRAEL SINGLETON, #49569                                   **PETITIONER**

v.                                        **CAUSE NO. 1:12CV356LG-JMR**

**JAMES HOLMAN**

                                            **RESPONDENT**

## ORDER ADOPTING REPORT AND RECOMMENDATION
## GRANTING RESPONDENT'S MOTION TO DISMISS

This cause comes before the Court on the Report and Recommendation of

United States Magistrate Judge John M. Roper entered on February 27, 2013. [10]

The Court has thoroughly reviewed the findings in the Report and Recommendation

[10], the record, the position of the Petitioner advanced in his Objections [12], the

relevant law, and concludes that Petitioner's Objections [12] should be overruled,

and that his Petition for Writ of Habeas Corpus [1] should be denied as time-barred.


### FACTS AND PROCEDURAL HISTORY

Petitioner filed his objection to the Report and Recommendation, which has

been examined by this Court. Petitioner argues that he is "actually and factually

innocent of the offense of being a habitual offender and asserts the actual innocence

exception to the time bar of 28 U.S.C. § 2244(d)(1)."

Petitioner was convicted of armed robbery and sentenced to serve a term of

thirty-five (35) years in the custody of the Mississippi Department of Corrections.

[9-1] The Mississippi Supreme Court affirmed the conviction and sentence, although

the case was remanded to correct the judgment to read that Petitioner was convicted of attempted armed robbery, not armed robbery. *Singleton v. State*, 495 So.2d 14 (Miss. 1986). Petitioner's judgment became final on December 23, 1986, 90 days after the Mississippi Supreme Court affirmed his conviction. [9, p.3] Several years after appeal, the Mississippi Supreme Court granted Petitioner's motion to be allowed to file a motion for post-conviction collateral review in the Harrison County Circuit Court. Several petitions for post-conviction relief were filed in state court, with the permission of the Mississippi Supreme Court. Both the 1992 and 1995 petitions filed on November 9, 2000, were denied by the trial court. [9-7.] The Mississippi Supreme Court entered a *per curiam* order affirming the circuit court's decision on December 13, 2001. [9-8].

## DISCUSSION

A petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitations period usually begins to run when the state court judgment becomes final after direct appeal, or the time for seeking such review expires. § 2244(d)(1)(A). For petitioners like Singleton, whose state convictions became final before the AEDPA (Antiterrorism and Effective Death Penalty Act) was passed, the limitations period commenced on the AEDPA's effective date, April 24, 1996. *See United States v. Flores*, 135 F.3d 1000, 1005 (5th Cir. 1998). In addition, the one-year statute of limitations is subject to tolling for the period when

a properly filed motion for post conviction relief is pending in state court. 28 U.S.C.

§ 2244(d)(2); *see e.g., Cantu-Tzin v. Johnson*, 162 F.3d 295, 298 (5th Cir. 1998).

Petitioner filed his post-conviction pleading prior to the enactment of the

AEDPA, and it was pending at the time the statute of limitations began to run on

April 24, 1996. Petitioner is entitled to tolling of the statute of limitations from the

date of enactment of the AEDPA on April 14, 1996, until the Mississippi Supreme

Court affirmed the lower court decision on December 13, 2001. Petitioner had one

year or until December 16, 2002, to file his petition. Petitioner filed his petition on

November 8, 2012, well past the deadline.

A court may toll the limitations period only in "rare and exceptional

circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*

526 U.S. 1074 (1999). Petitioner argues that no time-bar applies to his petition

under the actual innocence exception, citing *Souter v. Jones*, 395 F.3d 577, 600-601

(6th Cir. 2005), and that his sentence is illegal and void because he was not indicted

as a habitual offender. However, the Fifth Circuit has held that an "actual

innocence claim also does not constitute a 'rare and exceptional' circumstance [to

warrant equitable tolling] given that many prisoners maintain they are innocent."

*Henderson v. Thaler*, 626 F.3d 773, 780 (5th Cir. 2010). Moreover, the *Souter* case

in distinguishable. In *Souter* the petitioner claimed actual innocence of the charged

offense. Here, petitioner does not claim innocense of the underlying offense.

Instead, he raises claims regarding the sufficiency of the indictment charging him

as a habitual offender under Mississippi law. *See Kinder v. Purdy*, 222 F.3d 209

(5th Cir. 2000).

Therefore, having conducted a *de novo* review of this matter, the Court, being duly advised in the premises, finds that said Report and Recommendation should be adopted as the opinion of this Court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Report and Recommendation of United States Magistrate Judge John M. Roper entered in this cause on February 27, 2013 [10] should be, and the same hereby is, **ADOPTED** as the finding of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Petitioner's Petition is **DISMISSED** as time-barred pursuant to 28 U.S.C. § 2244(d)(1).

**SO ORDERED AND ADJUDGED** this the 24th day of June, 2013.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE